OWEN, Judge.
Three-year old James Minisall was lawfully on the premises of an automobile service station when he was bitten by a dog owned by the defendant, who though not the owner of the premises was also lawfully thereon. The child’s mother, bringing this suit on behalf of the child as his next friend, joined a claim in her own behalf for derivative damages. The appeal is from a final judgment in favor of the defendant entered upon a jury verdict.
Appellants’ several points on appeal can be resolved by discussing two of the assigned errors.
At the conclusion of all of the evidence the court granted the defendant’s motion for a directed verdict as to the mother’s derivative claim. Her claim was for the past and future medical expenses and for the past and future loss of the child’s services proximately resulting from the injuries sustained by the child. The evidence established that all of the medical expenses incurred up to that time had been borne by the defendant, and no evidence was offered to support the claim for future medical expenses or to support the claim for past or future loss of the child’s services. It was not error to grant this motion.
Also at the close of all of the evidence the court denied a motion for a directed verdict against the defendant in favor of the minor plaintiff. The defendant’s liability in this case was governed by F.S. Section 767.04, F.S.A.,[1] which statute *758 makes the dog owner’s liability absolute unless the owner is within one of the exculpatory provisions thereof. Romfh v. Berman, Fla. 1952, 56 So.2d 127. In the instant case the only exculpatory provision asserted by the defendant in her answer was that the dog had been mischievously or carelessly provoked or aggravated by the child. This was in the nature of an affirmative defense, casting the burden of proof upon the defendant. Two of the three witnesses who testified described the bite as occurring when the dog lunged at the child while he was standing beside his mother. The third witness (the defendant) testified that she was standing beside the child’s mother when she heard the child scream and turned around in time to see the child running toward them from a nearby service bay where the dog was chained. Despite this discrepancy in the testimony as to how or where the incident occurred, it is clear that none of the testimony of these three witnesses described any conduct on the part of the child from which the jury reasonably could infer that the child had mischievously or carelessly provoked or aggravated the dog. To the contrary, two of the witnesses flatly stated that the child did not provoke the dog, and the third witness (the defendant) stated she did not see the child provoke the dog. Accepting as true defendant’s testimony that the incident occurred when the child left his mother’s side and wandered over to where the dog was chained, it could only be pure speculation or conjecture for the jury to conclude from this fact alone that the dog had been provoked or aggravated by the child. The defendant having failed to offer sufficient proof to permit the jury to lawfully find that the pleaded exculpatory provision had been proven, the minor plaintiff was entitled to a directed verdict against the defendant on the issue of defendant’s liability.
The judgment in favor of the defendant on the claim of the plaintiff, Lynn M. Minisall, individually, is affirmed. The judgment in favor of the defendant on the claim of James Minisall, a minor, is reversed and this cause is remanded for a new trial limited to the issue of the minor plaintiff’s damages.
Affirmed in part; reversed in part.
McCAIN, J„ and STEWART, JAMES R., JR., Associate Judge, concur.

. 767.04 Liability of Owners. The owners of any clog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners’ knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; Provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any *758 such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words “Bad Dog.”