241 So.2d 681 (1970)
Leora CARROLL and Martin Carroll, Appellants,
v.
Virginia E. MOXLEY and Allstate Insurance Company, an Illinois Corporation, Appellees.
No. 39246.
Supreme Court of Florida.
September 16, 1970.
As Amended on Denial of Rehearing December 16, 1970.
Alan R. Schwartz, of Horton & Schwartz and Green & Hastings, Miami, for appellants.
David L. Willing, of Dean, Adams, George & Wood, Miami, for appellees.
ADKINS, Justice.
This is an appeal from a summary final judgment entered for Defendants and *682 against Plaintiffs in this personal injury action by the Dade County Circuit Court, specifically passing upon the constitutionality of Fla. Stat. § 767.04, F.S.A. We have jurisdiction, Fla. Const., art. V, § 4(2), F.S.A; F.A.R. 2.1(a) (5), (a), 32 F.S.A.
The challenged statute in this case is part of Title XLIII, Torts, and of Ch. 767, Damage by Dogs. The pertinent portion of the statute, Fla. Stat. § 767.04, F.S.A. provides:
"The owners of any dog which shall bit any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words `Bad Dog.'"
The facts of this case are alleged as follows: Plaintiff, Mrs. Carroll, went into the hardware store owned by her mother, Defendant, Mrs. Moxley, to make purchases and deliver sandwiches. Mrs. Moxley owned a German Shepherd dog which Mrs. Carroll knew had previously bitten a customer, but which previously had been friendly to her. Mrs. Carroll went to a counter to leave the sandwiches. Beside the counter is a gate, with signs on it, "Beware of Dog" and "Keep Out." As Mrs. Carroll stood at the counter, the dog, which had not been previously seen or heard, lunged and bit her on the face. Suit was brought against the dog owner and insurer, on the basis of tort under Fla. Stat. § 767.04, F.S.A., and also common law. The trial judge ruled that Fla. Stat. § 767.04, F.S.A., superseded the common law and that liability did not lie under the statute since a "Bad Dog" sign was posted. Plaintiffs say the statute is unconstitutional. The trial judge entered summary final judgment in favor of Defendants. This appeal followed.
The contention that Plaintiffs have a cause of action both under Fla. Stat. § 767.04, F.S.A., and the common law is without merit. It has been previously held that the subject statute modified the common law, in that it makes the dog owner the insurer against damage by his dog with certain exceptions, departing from the common law doctrines grounded in negligence. See Romfh v. Berman, 56 So.2d 127 (Fla. 1951); Vandercar v. David, 96 So.2d 227 (Fla.App.3rd, 1957); Knapp v. Ball, 175 So.2d 808 (Fla.App.3rd, 1965). It is concluded that Fla. Stat. § 767.04, F.S.A., supersedes the common law, only in those situations covered by the statute.
It is next contended that the statute is unconstitutional, as in violation of the Fla. Const. § 4, Declaration of Rights (1885); Fla. Const., art. I, § 21, Declaration of Rights (1968). This constitutional provision provides that the courts of the State shall be open to any person for redress of any injury. The contention is not well taken, since Fla. Stat. § 767.04, F.S.A., does not take away a right of redress for injury; rather, it provides that a dog owner shall be liable even without the common law requirement of scienter for injuries caused by his dog, but that under certain circumstances, including injury which results after notice is given by a posted "Bad Dog" sign, no liability *683 will lie. The statute does not violate the cited constitutional provisions.
It must be noted, however, that the express requirement of the statute is that the "Bad Dog" sign be posted "in a prominent place" and be "easily readable." The purpose of these requirements is to make certain that before a dog owner will be relieved of liability, the attempt to give notice that a bad dog is on the premises must be genuine, effective and bona fide. In every case, the factual determination must be made whether the "Bad Dog" sign as posted is in a prominent place and easily readable, so as to give actual notice of the risk of bite to the victim. The sufficiency of this notice should be determined by the circumstances of each case. While it is reasonable to conclude that the Legislature could enact a statute shielding a dog owner from liability where notice of the bad dog risk is prominently given by a sign easily readable, it would be unreasonable to conclude that a dog owner should be shielded from liability where a victim was trapped in circumstances where the sign was not both prominently displayed and easily readable. Not every sign, even if seen, is sufficient to put a potential victim on notice of the risk he assumes by being present on the premises.
All of the evidence in this case may be uncontroverted, yet there nevertheless exists a genuine issue as to a material fact that would preclude the lawful entry of a summary judgment for the evidence, though uncontroverted, is such that reasonable men might properly draw conflicting inferences of fact therefrom. Baskin v. Griffith, 127 So.2d 467 (Fla.App.1st, 1961); 19 F.L.P., Pleading, § 120, p. 485. For these reasons, it was error for the trial judge to enter summary final judgment in favor of Defendants.
The judgment of the Circuit Court is affirmed in part, and reversed in part, and this cause is remanded to the Circuit Court for further proceedings consistent with the law of the case.
It is so ordered.
ERVIN, C.J., DREW and BOYD, JJ., and SPECTOR, District Court Judge, concur.