331 So.2d 353 (1976)
Donna Mae HARRIS, As Natural Parent and Guardian of Ruby Nell Gorman, a Minor, and Donna Mae Harris, Individually, Appellants,
v.
Mary Elizabeth MORICONI and Cherokee Insurance Company, a Corporation, Appellees.
No. Y-185.
District Court of Appeal of Florida, First District.
April 28, 1976.
Rehearing Denied May 26, 1976.
*354 Frederick B. Tygart, of Tygart & Tygart, Jacksonville, for appellants.
Noah H. Jenerette, Jr., of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellees.
BOYER, Chief Judge.
Appellants, plaintiffs in the trial court, appeal from a final judgment based on an adverse jury verdict in an action for injuries sustained by the minor plaintiff when attacked by a dog owned by appellee Moriconi. Appellee Cherokee Insurance Company is Moriconi's insurer.
Resolution of the issues necessitate a thorough recitation of the agreed facts.[1]
Plaintiffs' amended complaint specifically alleged that the action was brought under the provisions of F.S. 767.04.[2] Defendants' answer in the form of a general denial was amended at the commencement of the trial to allege as a defense "that the dog in question bit the minor plaintiff as the result of being mischievously or carelessly provoked or aggravated." A Motion in Limine requesting the court to exclude testimony concerning the fact that defendant Moriconi was the aunt of the minor plaintiff on the ground that such evidence would be immaterial, irrelevant and prejudicial was denied. At the close of the evidence the plaintiffs moved for a directed verdict on the issue of liability, urging that under the facts as revealed by the evidence only one defense would lie, that of careless provocation, and that since a child under the age of six may not, as a matter of law, be held liable for negligence, a fortiori she could not be guilty of "careless provocation". That motion was denied and the jury returned a verdict in favor of the defendants.
The facts as stated in appellants' brief and, as above mentioned, agreed to by appellee, are as follows: Plaintiff, Ruby Nell Gorman, was five-and-a-half years of age at the time of the attack. Plaintiff, Donna Mae Harris, is the natural mother and guardian of Ruby. On the date in question, Ruby rode her bicycle to Mrs. Moriconi's house to play with her cousins, Danny and Kelly Liles. While she was on the property of the defendant, she accidentally ran over the tail of "King", a large German Shepherd dog, which was owned by Mrs. Moriconi. She then rode her bicycle *355 a short distance from "King" and walked back to comfort him, at which time "King" attacked her, biting her in the face. She did not mean to run over "King's" tail. She had never teased "King". Ruby was taken to the hospital where she received stitches in her face.
F.S. 767.04,[3] with certain exceptions, makes the dog owner the insurer against damage by the dog.[4] The only exculpatory provision of the statute which was asserted by defendants' answer was that the dog had been mischievously or carelessly provoked or aggravated by the minor plaintiff. That assertion was in the nature of an affirmative defense, casting the burden of proof upon the dog owner.[5] The agreed facts that the minor plaintiff accidentally ran over the dog's tail, returning only to comfort him and that she had never teased the dog refutes without question the defense of mischievous aggravation, leaving only the defense of careless provocation.
Appellant urges that since a child under six years of age is legally incapable of negligence[6] she is likewise incapable of carelessness and may not therefore be found by a jury to have "carelessly provoke[d]" the dog which bit her. To resolve the issue thus presented, we must determine whether there is a distinction between the term "negligence" as customarily employed in tort actions and "careless" as that term is used in the subject statute. We hold them to be synonymous.[7]
Having held that as a matter of law the minor plaintiff, being under six years of age, could not have been held liable for carelessly provoking the dog owned by the individual defendant, it necessarily follows that the learned and able trial judge erred in denying appellants' motion for a directed verdict on the issue of liability.
Also, having so held, it is not necessary for us to determine whether the act of the minor plaintiff in walking back to the dog *356 for the purpose of comforting him would constitute such a provocation as to except the owner from liability under the statute.[8]
Further, inasmuch as the familial relationship between the injured child and the dog's owner can have no relevancy nor materiality in a trial on the issue of damages, there is no necessity for us to here determine the propriety of the admission of such evidence during the trial which resulted in this appeal.[9]
Reversed and remanded with directions to enter a judgment in favor of appellants on the issue of liability and for further proceedings consistent herewith.
SMITH, J., concurs.
RAWLS, J., dissents.
RAWLS, Judge (dissenting).
I respectfully dissent. The majority opinion is foundationed on the common law rule that a child under six years of age is legally incapable of negligence. This rule was adopted by the Supreme Court of Florida in Swindell v. Hellkamp, 242 So.2d 708 (Fla. 1970), but, as with all common law rules, it was held to apply "[i]n the absence of a legislative declaration." The instant cause involves just that sort of legislative declaration, for Florida Statute 767.04 states: "... no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog ..." (emphasis supplied) The legislature has made the affirmative defense available without regard to the age (or other disability) of the person committing the act. Florida Statute 767.04 thus modifies the common law rule relating to negligence of infants just as it modifies the common law in making the dog owner the insurer against damage by his dog.[1]
I would affirm.
NOTES
[1] Appellants' brief properly contains a statement of the case and a statement of the facts as required by Rule 3.7, subd. f., FAR. Appellees' brief recites: "Appellees adopt appellants' statement of the case and statement of the facts." It is apparent therefore that the facts are not in dispute and, accordingly, we are not required to examine the record-on-appeal. (Rule 3.7, subd. f.(3) and Rule 3.7, subd. g.(2), FAR)
[2] Plaintiffs made no attempt to allege or claim a cause of action under the common law. Please see Carroll v. Moxley, Sup.Ct.Fla. 1970, 241 So.2d 681.
[3] "The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, express or implied, of the owner thereof; Provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words `Bad Dog.'"
[4] Carroll v. Moxley, Sup.Ct.Fla. 1970, 241 So.2d 681; Minisall v. Krysiak, Fla.App. 4th 1970, 242 So.2d 756; and English v. Seachord, Fla.App. 4th 1971, 243 So.2d 193. Cert. dismissed, Sup.Ct.Fla. 1972, 259 So.2d 136.
[5] Minisall v. Krysiak, supra.
[6] Swindell v. Hellkamp, Sup.Ct.Fla. 1970, 242 So.2d 708.
[7] Webster's Seventh New Collegiate Dictionary defines careless to mean "free from care: ... UNCONCERNED, INDIFFERENT...: not taking care ...: NEGLIGENT ..." The same authority defines negligent to mean "marked by a carelessly easy manner".

Ballentine's Law Dictionary, Third Edition, defines careless to mean "A word of broad significance, including negligence, wantonness, and recklessness. The word is synonymous with the word `negligent,' but `negligent' is probably the preferable word when used in legal pleadings and proceedings." (Citation omitted) The lack of due diligence or care. guilty of negligence" and negligence as "A word of broad significance which may not be readily defined with accuracy. (Citation omitted) The lack of due diligence or care... . In the legal sense, a violation of the duty to use care... ."
Please see also numerous case cites in Words and Phrases, Volume 6, West Publishing Co., carelessness.
[8] See Sand v. Gold, Fla.App. 3rd 1974, 301 So.2d 828.
[9] By their third point, appellants urge that the trial court prejudicially erred in allowing evidence as to the family relationship between the appellants and appellee Moriconi.
[1] Carroll v. Moxley, 241 So.2d 681 (Fla. 1970).