450 So.2d 1111 (1984)
BELCHER YACHT, INC., Belcher Yacht Sales, Inc., Carl Edward Herner and Lloyds Insurance Group, Petitioners,
v.
Thomas J. STICKNEY, Jr., Respondent.
No. 63182.
Supreme Court of Florida.
May 3, 1984.
Rehearing Denied July 3, 1984.
James L. Dennis of Fowler, White, Burnett, Hurley, Banick & Strickroot, Miami, for petitioners.
Edward A. Perse of Horton, Perse & Ginsberg, and James Dougherty, Miami, for respondent.
SHAW, Justice.
Petitioners seek review of a decision of the District Court of Appeal, Third District. Stickney v. Belcher Yacht, Inc., 424 So.2d 962 (Fla. 3d DCA 1983). The third district certified the appeal as passing on a question of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. The question certified is:
WHETHER SECTION 767.04, FLORIDA STATUTES (1979) SUPERSEDED THE COMMON LAW AND NOW PROVIDES THE EXCLUSIVE REMEDY IN A DOG BITE ACTION BROUGHT BY AN ECONOMIC INVITEE AGAINST A BUSINESS ESTABLISHMENT WHICH OWNS THE DOG.
424 So.2d at 967. For reasons set forth below, we answer the question in the affirmative.
Belcher Yacht, Inc. and Belcher Yacht Sales, Inc. (Belcher) operate a marina where yachts were sold, serviced, docked, and stored. The place of business was enclosed by a chain link fence with a rear and front gate. Customers coming to the business on Sundays were instructed to use the rear gate near a guardhouse. For years Belcher had one or more dogs about the premises for security reasons and as *1112 companions for the round-the-clock security guards. Some thirty or sixty days prior to the incident that initiated the present litigation, Belcher acquired "Duke," a mixed breed older dog with the appearance of a German shepherd. It was established at trial that Duke had "some kind of training" as an attack dog and was kept tethered on a leash between fifteen to twenty-five feet long. None of Belcher's security guards, including Herner who was the guard on duty at the time of the subject incident, had been given any security guard training or instructions with regard to handling attack dogs.
On the morning of August 10, 1980, respondent Stickney and some companions went to the Belcher premises to take Stickney's boat out for a fishing trip. After boarding the yacht, Stickney discovered that the keys were missing. He walked over to the security guard, Herner, to see if the keys had been left with a guard as was the custom. Duke, who was standing nearby, bristled and growled as Stickney approached the guardhouse. Herner came out of the guardhouse, grabbed the dog by the collar, and smacked him on the rear. The dog responded by sitting down behind Herner quietly, but as Stickney spoke with Herner the dog suddenly sprang forward, biting Stickney in the crotch and causing severe testicle injuries. A "BEWARE OF DOG" sign was prominently posted on the outside fence surrounding Belcher's premises.
Stickney's amended complaint stated both a statutory and common law cause of action. The defendants, in their answer, raised contributory/comparative negligence as an affirmative defense. Following the presentation of evidence, the defendants moved for a directed verdict and, after argument of counsel, the motion was granted. Separate judgments were rendered in favor of Herner and Belcher. Stickney was allowed to file one notice of appeal directed toward both judgments.
In light of Stickney's admission that he had seen and understood the "BEWARE OF DOG" sign, the district court held that the trial court correctly determined that there was no issue of fact on the statutory claim and a directed verdict on that claim was appropriate.[1]
We agree with the district court's holding on this issue insofar as it applies to the dog owner, Belcher, but note that section 767.04 pertains only to the owner. It is silent as to the custodian or keeper of a dog who is not the owner.[2] It neither creates liability on the part of Herner nor exonerates him because of the posted sign.
The district court decision addresses the issue of whether section 767.04 is an alternative to rather than an abrogation of the common law. In addressing this issue the district court recognized that Donner v. Arkwright-Boston Manufacturers Mutual Insurance Co., 358 So.2d 21 (Fla. 1978) and Carroll v. Moxley, 241 So.2d 681 (Fla. 1970), hold that section 767.04, Florida Statutes (1979), superseded the common law in those situations covered by the statute. The court then attempts to distinguish the instant case (dog bites business invitee) by pointing out that prior case law does not *1113 support the conclusions reached in Donner and Carroll.
The district court expresses concern that if Florida's dog bite statute is considered an exclusive remedy it would vitiate needlessly the distinction between the degree of care owed by a landowner to a visitor who is an invitee and one who is a trespasser where the danger on the premises happens to be a dog. In order to illustrate the point more graphically, the court presents the "hair-raising" scenario of a dog owner posting signs inviting the public onto his land to do business, and when a member of the public accepts the invitation and is mauled by a large attack dog, the owner avoids liability because he has posted another smaller and inconspicuous sign which reads "BEWARE OF DOG."
To assuage some of the fears raised by such a specter, we can only point out that the statute cuts two ways: it imposes absolute liability upon the dog owner when the dog-bite victim is in a public place or lawfully on or in a private place except when the dog is carelessly or mischievously provoked or when the owner had displayed in a prominent place on the premises a sign easily readable including the words "Bad Dog." We can easily envision situations where a jury might be called upon to decide whether the victim was lawfully on the land, whether he provoked the dog, whether the sign was placed in a prominent place on the premises, whether the sign was easily readable, or whether there was in fact a sign. This is not such a case. We see no useful purpose to be served by reviewing the common law requirement of scienter (every dog has one free bite), and tracking its statutory progeny through absolute liability to the present day evolution which imposes liability with certain statutory exceptions. The district court opinion and the briefs ably track this progression. Carroll and Donner, decided thirteen and five years ago, respectively, placed the legislature on notice that section 767.04, Florida Statutes, enacted in 1949, superseded the common law on dog bites. There has been no action by the legislature to amend this law and we are not disposed to revisit the issue. In order to obviate further confusion, we expressly overrule any earlier decisions of the district courts of appeal to the contrary and recede from any decisions of this Court to the degree they appear to conflict with this opinion.
As we noted above, section 767.04, Florida Statutes (1979), applies only to the dog owner. It "supersedes the common law, only in those situations covered by the statute." Carroll, 241 So.2d at 682. Thus, Herner is potentially liable for his alleged negligence.
Accordingly, the portion of the district court of appeal decision that relates to Belcher's common law cause of action is quashed; the portion of the decision reversing and remanding for a new trial regarding Herner's liability for alleged negligence is approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, EHRLICH and SHAW, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion.
OVERTON and McDONALD, JJ., dissent with opinions.
BOYD, Justice, concurring in part and dissenting in part.
I concur with the majority's holding that section 767.04, Florida Statutes (1979), supersedes the common law and in this case absolves Belcher Yacht, Inc., and Belcher Yacht Sales, Inc., of any liability. However, I dissent to that portion of the majority opinion which holds that Carl Herner is potentially liable for his alleged negligence and its remanding the case for a new trial on Herner's liability. Since Herner was acting as an agent, he should share the same statutory privilege as his employer.
It is axiomatic that an agent enjoys the same statutory privileges as his principal with respect to the duty of care owed to third persons. See Rollins Leasing Corp. v. Lovette, 198 So.2d 865 (Fla. 1st DCA), cert. denied, 201 So.2d 896 (Fla. 1967); Restatement *1114 (Second) of Agency § 347 (1958); W. Seavey, The Law of Agency § 129 (1964). In this case the duty of care owed by Herner's employer was reduced by statute with the posting of the sign warning visitors about the presence of a bad dog. As an employee, Herner was acting as an agent for his employer and therefore should have the same statutory duty of care. Since Herner's employer was absolved of any liability by its posting of the sign, Herner should also be held absolved of any liability. I would therefore quash the decision of the district court of appeal in its entirety and remand with instructions that the trial court's order directing a verdict for the petitioners (i.e., the defendants) be reinstated.
OVERTON, Justice, dissenting.
I dissent. I recognize that the majority decision is consistent with Donner v. Arkwright-Boston Manufacturers Mutual Insurance Co., 358 So.2d 21 (Fla. 1978), and Carroll v. Moxley, 241 So.2d 681 (Fla. 1970), which held that chapter 767 superseded the common law in those situations covered by the statute. I believe, however, that a more reasonable construction is that chapter 767 creates a statutory alternative cause of action and was not intended to repeal the right to a common law negligence action. The unjust result in this case clearly was not the intent of the legislature when it adopted chapter 767. For a related issue, see Jones v. Utica Mutual Insurance Co., No. 61,681 (Fla. May 3, 1984) (Overton, J., dissenting).
I would answer the certified question in the negative, allow a common law cause of action, and approve the result reached by the district court.
McDONALD, Justice, dissenting.
I dissent because I believe that the certified question should be answered in the negative and that the district court's opinion should be approved. The only effect of posting a sign warning of a bad dog is to negate the strict liability resulting from ownership of a dangerous dog. This negation, however, should not be held to affect common law liability because all persons, including dog owners, have the duty to use reasonable care. The petitioners may have breached their duty here, and the district court correctly ruled that this theory of liability could, and properly should, be presented to the jury.
NOTES
[1] Liability of owners.  The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog." § 767.04, Fla. Stat. (1979).
[2] Compare with section 767.05, Florida Statutes (1979), which specifically refers to "an owner or keeper of any dog... ."