503 So.2d 1265 (1986)
Shaun Leo REED, a Minor, By and Through His Parent and Next Friend, May Elretta LAWRENCE, and May Elretta Lawrence, Individually, Appellants,
v.
Felix BOWEN and Martha Bowen, Appellees.
No. 86-182.
District Court of Appeal of Florida, Second District.
October 24, 1986.
Hank B. Campbell of Frost & Purcell, P.A., Bartow, for appellants.
Louis L. Suprina, Winter Haven, for appellees.
PER CURIAM.
Appellants, Shaun Leo Reed, a minor, by and through his parent and next friend, May Elretta Lawrence, and May Elretta Lawrence, individually, filed an action under section 767.04, Florida Statutes (1985), seeking damages which resulted when Shaun was attacked by a dog owned by the appellees, Felix and Martha Bowen. At trial, following presentation of the evidence, the trial court directed a verdict on the issues that the Bowens owned the dog which bit the child and that the child was lawfully on their property at the time of *1266 the incident. The only issue left for the jury's determination was whether the child had mischievously or carelessly provoked or aggravated the dog as alleged in the affirmative defense raised by the Bowens. The trial court instructed the jury to consider all the circumstances, including the age and maturity of the child, in determining that issue. Following deliberation, the jury returned a verdict finding for the Bowens. The court, accordingly, entered final judgment for the Bowens, and the appellants timely filed this appeal. We affirm.
The appellants first contend that the trial court should have granted their motion for directed verdict because the evidence submitted at trial was insufficient to permit the jury to lawfully find that Shaun had mischievously or carelessly provoked or aggravated the dog. We disagree.
A motion for directed verdict should not be granted unless the court concludes that the evidence and all inferences of fact, construed most strictly in favor of the nonmoving party, cannot support in the minds of the jurors any reasonable difference as to any material fact or inference. Zilber Cab Co. v. Capeletti Brothers, 303 So.2d 360 (Fla. 3d DCA 1974); see also, Chrysler Airtemp v. Stevens, 346 So.2d 1236 (Fla. 2d DCA 1977). The fact that circumstantial evidence is relied upon does not alter the rule that it is solely within the province of the jury to evaluate or weigh the evidence. See Voelker v. Combined Insurance Company of America, 73 So.2d 403 (Fla. 1954).
At trial, Shaun's grandmother testified that she was baby-sitting four-year-old Shaun on the day of the attack. At the time of the incident, she had gone into town and Shaun's grandfather was in the house sleeping. The dog owners, Mr. and Mrs. Bowen, testified that Shaun came over to their yard and started playing with the dog while they were sitting in their carport. They also testified that the dog was routinely chained to prevent his digging in the yard and that he customarily stayed under their van in order to stay cool. Mrs. Bowen testified that she warned Shaun that the dog had an ear infection and that if he played with the dog he might get bitten. When the child persisted in trying to play with the dog, Mrs. Bowen asked him to go home. Shaun left and the Bowens went inside. The Bowens' next door neighbor testified that shortly thereafter she saw the child return to the Bowens' yard, put his shoes down on the driveway, and lie down beside the van. She testified that she could not see exactly what he was doing just prior to the attack but that he was pulling on something which she presumed was the dog's chain or perhaps even the dog.
Shaun testified that he was petting the dog when the dog bit him. He also testified that the dog was not under the van, that he had not been told to stop playing with the dog because of its ear infection, and that he did not remember pulling at the dog. Mr. Bowen testified that while visiting the child in the hospital he had occasion to hear Shaun's stepfather ask how the bite had occurred. According to Mr. Bowen, the child replied that he was pulling on the dog and "bugging" the dog when the dog bit him. Shaun and his stepfather deny having had such a conversation. Although the witness' testimony conflicts on this point, the determination of the credibility of witnesses is exclusively the province of the jury. Waters v. Wainwright, 316 So.2d 588 (Fla. 4th DCA 1975); see also, Marshall v. State, 54 Fla. 66, 44 So. 742 (1907). We find there was circumstantial evidence from which the jury could properly conclude that the child had provoked or aggravated the dog. See Voelker.
We also disagree with appellants' contention that, in view of the child's tender years, he was incapable as a matter of law of mischievously or carelessly provoking or aggravating the dog. Rather, for the reasons discussed below, we hold that the question of whether a person of any age mischievously or carelessly provokes or aggravates a dog within the *1267 meaning of section 767.04[1] is a question of fact for the jury. The age of the person is only one of the factors to be considered in making the determination.
In so holding, we disagree with the first district in Harris v. Moriconi, 331 So.2d 353 (Fla. 1st DCA), cert. dismissed, 341 So.2d 1084 (Fla. 1976), that because the term "negligence" as customarily used in tort actions and the term "careless" as used in the statute are synonymous, a child under the age of six is, as a matter of law, incapable of being careless within the meaning of the statute.[2] In arriving at its decision, the first district applied the presumption, enunciated in Swindell v. Hellkamp, 242 So.2d 708 (Fla. 1970), that in the absence of a legislative declaration, any child under the age of six is conclusively presumed incapable of committing contributory negligence.
Section 767.04 modified the common-law basis of recovery for dog-bite injuries, which was grounded in negligence, by making the dog owner an insurer, with only certain exceptions, against damage caused by his dog. Carroll v. Moxley, 241 So.2d 681 (Fla. 1970). The statute supersedes the common law in those situations covered by its provisions, Carroll; see also, Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla. 1984), and this includes supersession of common law defenses by the specifically enumerated statutory defenses. Donner v. Arkwright-Boston Manufacturers Mutual Insurance Co., 358 So.2d 21 (Fla. 1978). The statute provides the dog owner a complete defense against "any person" who mischievously or carelessly aggravates or provokes the owner's dog. Because the statute provides no exception for age, none should be provided by this court, as the statute is in derogation of the common law and its provisions must be strictly construed. See Nell v. State, 277 So.2d 1 (Fla. 1973).
In statutory construction, statutes must be given their plain and obvious meaning, and it must be assumed that the legislature knew the plain and ordinary meanings of words when it chose to include them in a statute. Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla. 1973); Union Trust Co. v. Lucas, 125 So.2d 582 (Fla. 2d DCA 1960). When the language of a statute is clear and not unreasonable or illogical in its operation, the court may not go outside the statute to give it a different meaning. In re Estate of Levy, 141 So.2d 803 (Fla. 2d DCA 1962); see also, Jones v. Utica Mutual Insurance Co., 463 So.2d 1153 (Fla. 1985). In this regard, section 767.04 is replete with all inclusive terms such as "any dog," "any damages," and "any person." We find that, according to the plain and ordinary meaning of those terms, we are precluded from automatically exempting children below a certain age from the statute's operation.
Decisions in other jurisdictions reveal a variety of theories under which dog owners have been held liable for injuries inflicted by their dogs, as well as a variety of defenses available to dog owners. Some jurisdictions hold, as a matter of law, that children "of tender years" are incapable of *1268 discerning the consequences of their actions and, therefore, cannot be held legally liable for their actions, see, e.g., Betbeze v. Cherokee National Insurance Co., 345 So.2d 577 (La. Ct. App. 1977) (two years old); Ramsey v. King, 14 Ohio App.3d 138, 470 N.E.2d 241 (1984) (three years old), while others hold that because the statutory defense in their states must be construed without reference to fault or intent of the individual committing the provocation, the actions of a child of tender years may constitute provocation within the meaning of their statutes. See, e.g., Tony v. Bouthillier, 129 Ariz. 402, 631 P.2d 557 (Ariz. Ct. App. 1981) (three years eight months old); Nelson v. Lewis, 36 Ill. App.3d 130, 344 N.E.2d 268 (1976) (two and one-half years old). Although Florida's statute does impose a requirement that the provocation be committed "mischievously" or "carelessly," we agree that there is no precise age at which a child may be said, as a matter of law, to have acquired such knowledge and discretion as to be held accountable for all his actions and that the question of the capacity of a child at a particular age to be capable of committing a willful or malicious act or to avoid a particular danger is one of fact falling within the province of the jury. Hanks v. Booth, 11 Kan. App. 2d 149, 716 P.2d 596 (1986).
We find implicit support for our holding in two Florida cases. In Minisall v. Krysiak, 242 So.2d 756 (Fla. 4th DCA 1970), the court found that the dog owners had failed to provide sufficient proof that a three-year-old child had mischievously or carelessly aggravated or provoked their dog, and that the trial court should have directed a verdict against the owners on the issue of their liability. Significantly, that court did not rule as a matter of law that the child was incapable of mischievous or careless behavior.
In Flick v. Malino, 374 So.2d 89 (Fla. 5th DCA 1979), the court considered the provision in section 767.04 protecting from liability a dog owner who displays "in a prominent place on his premises a sign easily readable including the words `BAD DOG.'" The court reversed an order granting summary judgment in favor of the dog owner and held that it cannot be said as a matter of law that a sign, even though posted in a prominent place, is "easily readable" as to a three-year-old child. In that case, the facts were undisputed that the child was incapable of reading the warning sign. Significantly, however, the court did not hold as a matter of law that the "bad dog" sign defense is never available to a dog owner simply because a victim is three years old or younger, even though it is common knowledge that children of such tender years generally are incapable of reading.
Even under the attractive nuisance doctrine,[3] age has been deemed only one of the factors to be considered in the jury's determination of the child's capacity to understand and avoid a particular danger.[4]See, e.g., Howard v. Atlantic Coastline R.R., 231 F.2d 592 (5th Cir.1956); Idzi v. Hobbs, 186 So.2d 20 (Fla. 1966). Furthermore, there is generally no specific age below which a child is excused, as a matter of law, for his intentional torts. Instead, the child's age is only one of the factors considered in determining whether he was capable of forming the intent required for a specific tort. See, e.g., Ellis v. D'Angelo, 116 Cal. App.2d 310, 253 P.2d 675 (1953); Jorgensen v. Nudelman, 45 Ill. App.2d 350, 195 N.E.2d 422 (1963); Garratt v. Dailey, 46 Wash.2d 197, 279 P.2d 1091 (1955); see also, 42 Am.Jur.2d Infants § 141 (1969).
Although, in Florida, children under the age of six are conclusively presumed incapable of committing contributory negligence, Swindell; see also, 43 Am.Jur.2d Infants § 142 (1969), and children under the age of seven are conclusively presumed incapable of committing a crime, Clay v. State, 143 Fla. 204, 196 So. 462 (1940); see also, 14 Fla.Jur.2d, Criminal Law § 25 (1979), age is not always an automatic bar. *1269 For example, in recognition of the commonly known fact that children develop physically, emotionally, and mentally at different rates, age is only one of the factors considered by a judge in determining whether a child should be allowed to testify. See Bell v. State, 93 So.2d 575 (Fla. 1957); Railway Express Agency v. Brabham, 62 So.2d 713 (Fla. 1952); see also, 24 Fla.Jur.2d Evidence and Witnesses § 442 (1981). In custody disputes, a child's desires will be considered if the child is of sufficient age and intelligence to be able to express a sound preference. See Marshall v. Reams, 32 Fla. 499, 14 So. 95 (1893); see also, Epperson v. Epperson, 101 So.2d 367 (Fla. 1958); 26 Fla.Jur.2d Family Law § 524 (1981). Although age is a factor to be considered, "no definite number of years has been set when the age of discretion begins." Marshall. Rather, each case is individually evaluated considering "the child's mental development, maturity, and extent to which the child exhibits intelligent discretion." Annot., 4 ALR 3d 1396 (1965).
We conclude that the trial court correctly instructed the jury that in deciding whether the child mischievously or carelessly provoked or aggravated the dog as contemplated by section 767.04, they should consider all the circumstances surrounding the incident, including the age and maturity of the child. Since there was testimony from which the jury could infer that the bite inflicted was the result of the child's provoking or aggravating the dog, the decision appealed from is affirmed.
AFFIRMED.
SCHOONOVER, A.C.J., and LEHAN and SANDERLIN, JJ., concur.
NOTES
[1] Dog owner's liability for damages to persons bitten.  The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog."
[2] The first district did not address whether, as a matter of law, a child under six is incapable of being mischievous within the meaning of the statute. The court found that the child in that case had unquestionably run over the dog's tail accidentally.
[3] See Restatement (Second) of Torts, § 339.
[4] The effect on this doctrine of Swindell v. Hellkamp, conclusively presuming a child under the age of six incapable of contributory negligence, is not being considered by us at this time.