COBB, Judge.
The issue in this case is whether a four year old child can be deemed to have mischievously provoked or aggravated a dog, thereby precluding the owner’s liability pursuant to section 767.04, Florida Statutes (1985), which provides:
767.04 Dog owner’s liability for damages to persons bitten. — The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners’ knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this State or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; 'provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words “Bad Dog.” [Emphasis added.]
Appellants/plaintiffs below, Walter Porter and Kay Porter, individually and as next friend of Michael T. Porter, a minor, sought recovery for injuries suffered by Michael allegedly due to the actions of a cocker spaniel owned by appellee/defend-ant, Earl Wingo. The defendant answered the complaint and alleged as an affirmative defense that the injuries occurred because the dog was mischievously or carelessly provoked or aggravated. During the trial, Michael, who was approximately four years of age at the time of the incident, testified that he did nothing to provoke the dog. The son of the dog’s owner (in whose home the incident occurred) testified that Michael was pulling up on the dog’s ears when bitten. Michael suffered injuries around the nose and eyes as a result of the dog bite.
The court granted plaintiffs’ motion for directed verdict on liability in part, finding that a child could not carelessly provoke a dog, but allowed the question of mischievous provocation to go to the jury. The jury ultimately returned an interrogatory verdict finding that Michael did mischie *929 vously provoke and aggravate the dog and, accordingly, final judgment for the defendant was entered. This appeal ensued.
In Florida, the dog bite statute supersedes the common law. Noble v. Yorke, 490 So.2d 29 (Fla.1986); Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla.1984); Carroll v. Moxley, 241 So.2d 681 (Fla.1970). Additionally, common law defenses such as assumption of risk are superseded by those defenses specifically enunciated in the statute. Donner v. Arkwright-Boston Manufacturers Mutual Ins. Co., 358 So.2d 21 (Fla.1978). The court stated in Donner:
... we can only conclude that in making the dog owner the insurer against damage done by his dog, thereby supplanting the common law negligence-type action, the legislature intended to shoulder him with the burden of his animal’s act except in the specific instances articulated in the enactment — where the dog is provoked or aggravated or the victim is specifically warned by a sign. With regard to those statutory defenses, the legislature apparently felt that good morals dictated that if a person kicks, teases, or in some other way provokes the dog into injuring him, he should not be compensated.
358 So.2d at 24. The court also overruled any earlier decisions of the district courts of appeal which expressly or impliedly recognized the existence of a separate defense predicated upon assumption of risk.
The Second District, in Reed v. Bowen, 11 FLW 2254 (Fla. 2d DCA Oct. 24, 1986), has recently held that a four-year-old’s actions are subject to the statutory defense of mischievous provocation. Additionally, two cases from the Fourth DCA have implicitly applied this defense to small children. In both Minisall v. Krysiak, 242 So.2d 756 (Fla. 4th DCA 1970), and Paskel v. Higgins, 337 So.2d 416 (Fla. 4th DCA 1976), the court recognized the existence of this defense, but reversed for the plaintiff in both eases based on insufficient proof of provocation.
Appellant relies on Harris v. Moriconi, 331 So.2d 353 (Fla. 1st DCA), cert. dismissed 341 So.2d 1084 (Fla.1976), to contend that a child cannot mischievously provoke or aggravate a dog. In Harris, the jury returned a verdict for the defendant in an action where a five and one-half year old girl was attacked by a dog after she acci-dently ran over its tail, then walked back to comfort it. The First District found that it was clear the girl had never teased the dog, thus refuting the defense of mischievous aggravation on an evidentiary basis, leaving only the defense of careless provocation. The appellant urged on appeal that since the child was under six years of age and thus legally incapable of negligence, she was likewise incapable of carelessness and could not be found by the jury to have carelessly provoked the dog which bit her. The First District agreed, finding the terms negligence and carelessness to be synono-mous. The court held that as a matter of law a minor plaintiff under six years of age could not be liable for carelessly provoking a dog and, thus, the trial court erred in denying the plaintiff's motion for directed verdict on the issue of liability.
Judge Rawls, dissenting in Harris, noted that the majority opinion was founded on a common law rule that a child under six is legally incapable of negligence. Since common law rules apply only in the absence of a legislative declaration, and the legislature has declared via section 767.04 that the affirmative defense of careless provocation is available without any reference to the age or other disability of the person committing the act, Judge Rawls felt the common law had been modified and, thus, a child could fall within the statute’s proscription.
Although Harris is distinguishable from the instant case, since it turned on the issue of careless rather than mischievous conduct by a child, we agree with the rationale of the dissent therein, which is in accord with the repeated declarations by the Florida Supreme Court that section 767.04 supersedes the common law. See Noble, Belcher Yacht and Carroll. We *930 are persuaded that had the legislature intended to exempt young children from the statutory defenses provided by section 767.04, it would have been a simple matter for it to say so.
In Toney v. Bouthillier, 129 Ariz. 402, 631 P.2d 557 (Ariz.Ct.App.1981), the court, in construing a statute similar to Florida’s[1] in the case of a three-and-a-half-year-old who was attacked by a dog, held that the actions of a child of tender years may constitute provocation within the meaning of the statute. The court, quoting Stehl v. Dose, 83 Ill.App.3d 440, 38 Ill.Dec. 697, 403 N.E.2d 1301 (1980) stated: “The question of what conduct constitutes provocation is primarily a question of whether the plaintiffs actions would be provocative to the dog.” 631 P.2d at 560. The court noted that since the statute imposes liability on dog owners irrespective of the fault of the dog owner, the corresponding statutory defense must be construed without reference to the fault of the individual committing the provocation. The court added, “The statutory language does not expressly exempt from this defense young children who are bitten. To add such an exemption would be engaging in judicial legislation of a statute which is in derogation of the common law and thus subject to literal construction.” 631 P.2d at 561. Other courts have reached the same result. See Nelson v. Lewis, 36 Ill.App.3d 130, 344 N.E.2d 268 (1976); see also Annot., 66 A.L.R.2d 916, Injury by Dog-Defenses to Action, (1959).
We hold that a child of tender years can mischievously provoke a dog under Section 767.04 and, thus, afford a complete defense to the dog owner. The statute, which imposes strict liability on the owners of dogs, subject only to the two defenses, is not limited in any manner so as to exclude children. See section 1.01, Florida Statutes (1985) (“person” includes children). Accordingly, the judgment entered below is
AFFIRMED.
UPCHURCH, C.J., and LEE, R.E., Associate Judge, concur.

. The Arizona statute provided, "Proof of provocation of the attack by the person injured shall be a defense to the action for damages."