512 So.2d 198 (1987)
Shaun Leo REED, etc., et al., Petitioners,
v.
Felix BOWEN, et al., Respondents.
No. 69689.
Supreme Court of Florida.
September 17, 1987.
*199 Hank B. Campbell of the Law Offices of Frost & Purcell, P.A., Bartow, for petitioners.
Louis L. Suprina, Winter Haven, for respondents.
SHAW, Justice.
We have for review Reed v. Bowen, 503 So.2d 1265 (Fla. 2d DCA 1986), which expressly and directly conflicts with Harris v. Moriconi, 331 So.2d 353 (Fla. 1st DCA 1976), cert. dismissed, 341 So.2d 1084 (Fla. 1976). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The Bowen's dog bit four-year-old Shaun Reed on September 2, 1983. Shaun brought suit pursuant to section 767.04, Florida Statutes (1983), which provides:
The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States, or when he is on such property upon invitation, expressed or implied, of the owner thereof; provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words "Bad Dog."
The court found, as a matter of law, that Shaun was lawfully on the Bowen's property, and submitted the case to the jury for determination as to whether Shaun mischievously or carelessly provoked or aggravated the dog. The jury returned a verdict in favor of the Bowens and the trial court entered final judgment accordingly.
The district court affirmed, rejecting the argument that, as a matter of law, a four-year-old cannot mischievously or carelessly provoke or aggravate a dog. The court found that section 767.04 makes the dog owner an insurer against damage caused by his dog, subject to certain enumerated exceptions, thus modifying the common law basis for recovery grounded in negligence, and superseding common law defenses. 503 So.2d at 1267 (relying on Belcher Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla. 1984); Donner v. Arkwright-Boston Manufacturers Mutual Insurance Co., 358 So.2d 21 (Fla. 1978); and Carroll v. Moxley, 241 So.2d 681 (Fla. 1970)). See also Noble v. Yorke, 490 So.2d 29 (Fla. 1986). Further, since the statute plainly states that the owner shall not be liable to "any person" who maliciously or carelessly provokes the dog, the court found that whether a particular child is capable of such an act is a question for the jury. Accord Porter v. Allstate Insurance Co., 497 So.2d 927 (Fla. 5th DCA 1986).
The district court recognized that its decision conflicts with Harris, which held that, as a matter of law, a child of tender years cannot carelessly provoke or aggravate a dog. The Harris court reasoned that "careless" is synonymous with "negligence" and that a child of tender years is presumed incapable of negligence under *200 the common law. Judge Rawls dissented, correctly stating:
The majority opinion is foundationed [sic] on the common law rule that a child under six years of age is legally incapable of negligence. This rule was adopted by the Supreme Court of Florida in Swindell v. Hellkamp, 242 So.2d 708 (Fla. 1970), but, as with all common law rules, it was held to apply "[i]n the absence of a legislative declaration." The instant cause involves just that sort of legislative declaration, for Florida Statute 767.04 states: ". .. no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke [sic] or aggravate the dog ...[.]" (emphasis supplied)[.] The legislature has made the affirmative defense available without regard to the age (or other disability) of the person committing the act. Florida Statute 767.04 thus modifies the common law rule relating to negligence of infants just as it modifies the common law in making the dog owner the insurer against damage by his dog.
331 So.2d at 356 (citing Carroll).
Accordingly, we approve the reasoning of the second district court in Reed and we disapprove Harris. The decision under review is affirmed.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.