Mr. Robert D. Pritt Sanibel City Attorney 800 Dunlop Road Sanibel, Florida 33957
Dear Mr. Pritt:
You have asked substantially the following question:
Must a city in which there has been no occurrence of death, serious injury, or sexual battery during the commission of a robbery or theft at a convenience store during the twelve months preceding the enactment of the Convenience Store Security Act, Ch. 90-346, Laws of Florida, comply with enactment of an ordinance as required by the act, should such a robbery or theft occur in the future?
In sum:
The Convenience Store Security Act applies only to those jurisdictions in which there has been an occurrence of death, serious injury, or sexual battery during the commission of a robbery or theft at a convenience store during the twelve months preceding the effective date of the act. Those jurisdictions not subject to the act may enact an ordinance imposing security requirements more stringent than those prescribed in the act.
You state that the City of Sanibel has not had an occurrence of death, serious injury, or sexual battery during the commission of a theft or robbery at a convenience store within its jurisdiction during the last twelve months. You question, therefore, whether the City of Sanibel would be required to enact an ordinance which mandates the provisions of the Convenience Store Security Act (the act), Ch. 90-346, Laws of Florida, should such a robbery or theft occur after the effective date of the act.
Section 4, Ch. 90-346, Laws of Florida, provides for the applicability of the act, in pertinent part, as follows:
The Legislature finds that the provisions of this act are most beneficial to areas where death, serious injury, or sexual battery occurs during the commission of a theft or robbery at a convenience store. Each local government in which a death, serious injury, or sexual battery has occurred during the commission of a theft or robbery at a convenience store within its jurisdiction during the preceding 12 months shall adopt within 90 days an ordinance which mandates the provisions . . . of this act.
The plain language of the act specifies that the operative time period is the preceding twelve months, with no specific reference to any point in time in that section.[1] The act, however, provides for an effective date of September 1, 1990.[2] A review of the act's legislative history supports an interpretation that the twelve months preceding the effective date of the act is the operative time period by stating:
The act would not have statewide applicability. Only those areas incurring a death, serious injury, or sexual battery during the commission of a theft or robbery at a convenience store during the twelve months preceding effective date of the act would be subject to the bill's provisions.[3]
Accordingly, a local government jurisdiction in which there has been no death, serious injury, or sexual battery occurring during a robbery or theft of a convenience store during the twelve months preceding September 1, 1990, would not be subject to the provisions of the Convenience Store Security Act.[4] Such a jurisdiction, not subject to the act, may adopt an ordinance outlining minimum security requirements more stringent than those prescribed in the act.[5]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Reed By and Through Lawrence v. Bowen, 503 So.2d 1265,1267 (2 D.C.A. Fla., 1986) (in statutory construction, statutes must be given their plain and obvious meaning, and it must be assumed that the Legislature knew the plain and ordinary meanings of words when it chose them).
[2] Section 10, Ch. 90-346, Laws of Florida.
[3] See, Senate Staff Analysis and Economic Impact Statement, Senate Commerce Committee, Committee Substitute for Senate Bill 612, May 18, 1990.
[4] This conclusion is supported also by the limited duration of the role of the Office of the Attorney General to conduct a study examining the safety and security requirements for at-risk businesses and reporting its findings and recommendations to the Legislature by December 31, 1991.
[5] See, s. 166.021(4), F.S., granting municipalities the broad exercise of home rule powers granted by s. 2, Art. VIII, State Const.