PARKER, Judge.
Nationwide Insurance Company appeals a final summary judgment entered against it in a suit it brought against Square D Company for the manufacture or design of an allegedly defective product. We reverse because we find that the record contains disputed material facts.
In 1974, a 3,000 amp aluminum bus bar manufactured by Square D was installed in a condominium as a component of the electrical busway system. The electrical bus-way system provided the main electrical distribution system for the condominium. In 1982, a fire erupted inside a mechanical room on the ninth floor of the condominium; however, the precise point of origin *407 was destroyed. Representatives of both parties inspected the scene and the failed component after the fire. Nationwide, the insurer of the condominium, filed a complaint against Square D alleging negligence (count I), breach of implied warranty of merchantability (count II), breach of implied warranty of fitness (count III), strict liability in tort (count IV), strict liability for breach of duty to warn (count V), and breach of contract (count VI).
Square D filed a motion for summary judgment, relying on the affidavit of an expert, Lee A. Swanger, Ph.D.[1] Swanger’s affidavit stated in pertinent part:
6. It is my opinion to a reasonable degree of engineering probability that the cause of the fire in the Square D bus equipment was that water containing contaminants leaked into the busway causing arcing between the bus bars which lead to the fire and damage.
7. It was my opinion that the subject fire was not caused by a design defect or a manufacturing defect in the subject Square D bus equipment. The fire was caused by arcing promoted by the intrusion over time of water carrying contaminants that led to short circuits, arcing, and the resulting fire.
Nationwide’s expert, Richard Harmer, who holds a master’s degree in electrical engineering, inspected the fire damage in 1982. Harmer stated the following in his affidavit:
8. Based upon my inspection of the Dolphin Cove Condominium and its bus-way system, it is my opinion, to a reasonable degree of engineering certainty, that water containing contaminates and/or waterborne contaminants did not cause arcing and the resulting fire in the ninth floor busway of the Dolphin Cove Condominium.
9. It is my opinion, to a reasonable degree of engineering certainty, that the subject fire was caused by a design de-feet or a manufacturing defect in the subject Square D busway system.
On November 20, 1989, the trial court, finding no genuine issue of material fact, issued its order granting final summary judgment in favor of Square D.
The trial court should grant a motion for summary judgment when the movant meets its burden of showing that there is an absence of any genuine issue of material fact. Fla.R.Civ.P. 1.510; Moore v. Morris, 475 So.2d 666 (Fla.1985). The evidence creates a disputed issue of fact if, even when uncontroverted, the evidence is such that reasonable persons might properly draw conflicting inferences of fact therefrom. Carroll v. Moxley, 241 So.2d 681 (Fla.1970).
Nationwide relies on the case of Cassisi v. Maytag Company, 396 So.2d 1140 (Fla. 1st DCA 1981) to support its position that the entry of summary judgment was improper. In Cassisi, a fire occurred in a clothes dryer in the plaintiff’s home. Due to the destruction of the dryer in the fire, the plaintiff’s expert was unable to determine the exact cause of the fire. The plaintiff’s position was that dryers do not normally burn up unless there is a defect. The defense argued that since the plaintiff could not rule out causes other than negligence or a defect in the product, the plaintiff had not met its burden of proof. The first district court held that when a product malfunctions during its normal operation, a legal inference of product defectiveness arises, and the injured plaintiff establishes a prima facie case for jury consideration.
Square D recognizes the Cassisi holding but argues that in this case, unlike Cassisi, the defense produced evidence as to the cause of the fire. Square D then implies that a plaintiff cannot rely solely on the Cassisi inference to raise a disputed material fact when a defendant has offered evidence as to the cause of the incident.
*408 We cannot accept Square D’s argument, at least as it applies to the facts of this case. Not only did Harmer opine that a manufacturing or design defect caused the fire but he also disagreed with Square D’s theory as to the cause. Harmer’s opinion that waterborne contaminants did not cause the fire was based on his personal inspection of the busway from the eleventh floor of the condominium down to the sixth floor where he observed no evidence of corrosion. Applying the standard for our review of an order granting summary judgment, we cannot say, in reviewing the affidavits and depositions in the record, that there is no genuine issue of material fact as to the cause of the fire.
Square D argues in the alternative that Harmer’s affidavit and deposition could not create disputed material facts because Harmer was not competent to render an expert opinion and that there was no factual basis for his opinion. After a thorough review of the record, we find Square D’s argument without foundation. Harmer is an electrical engineer with forty years’ experience who has investigated the cause or origin of numerous fires. Further, as discussed previously, Harmer’s opinion discounting Square D’s expert’s opinion regarding the cause of the fire was premised on Harmer’s personal examination of the busway which failed to reveal findings consistent with Square D’s theory; that is, Harmer found no evidence of corrosion. These facts demonstrate that Harmer was competent to render an opinion regarding the cause of the fire and that there was a sufficient foundation for his opinion.
Reversed and remanded.
LEHAN, A.C.J., and FRANK, J„ concur.

. Swanger’s affidavit, filed seven years after the fire, states that he examined pleadings, depositions, photographs, reports, and drawings and performed certain inspections, measurements, and tests to determine the cause of the fire. Swanger's deposition reflects that his work in the case was done in 1989.