708 So.2d 1006 (1998)
S.L., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00314.
District Court of Appeal of Florida, Second District.
April 1, 1998.
*1007 James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
S.L., a juvenile, challenges his adjudication of delinquency. He argues that the trial court erred in admitting his pre-Miranda statements and in declaring him a member of a criminal street gang. We reverse the trial court's determination that S.L. is a member of a criminal street gang and remand for resentencing. In all other respects, we affirm.
S.L. was charged with one count of disruption of a school function and one count of resisting an officer with violence. The State filed a motion to declare S.L. a criminal street gang member pursuant to section 874.03, Florida Statutes (Supp.1994). This motion was heard and granted by the trial court. On January 26, 1996, S.L. was adjudicated delinquent and committed to the Department of Juvenile Justice at a level 6 facility.
At the hearing on the State's motion to declare S.L. a criminal street gang member, Brian Valenti, a former student at Lely High School, testified that he came into contact with S.L. before a food fight at school. During the food fight, S.L. took off his shirt and directed a slur at Valenti. Valenti was pushed and began to fight with another student, Dominic. At this point six or seven other boys, all wearing the same clothing, came forward. They all wore flannel shirts over white T-shirts. Dominic and S.L. took off their shirts. After leaving the cafeteria, Valenti was attacked by some of S.L.'s friends but S.L. was not present. Over defense counsel's objection, Valenti was allowed to state that it was his impression that S.L. and his friends are members of a gang because they were wearing the same kind of clothing, headband, and a necklace.
Deputy Steven Loyd of the Collier County Sheriff's Office worked the youth relations division at Lely High School. S.L., a student at that school, had been contacted several times regarding school disturbances. S.L. told him at some point that he was a member of a gang, the Latin Lords. When S.L. was arrested for this incident, Deputy Loyd found graffiti relating to the Latin Lords in S.L.'s bookbag. Thomas Kistner, the gang coordinator for the Collier County Sheriff's Office, testified that S.L. admitted to being a member of the Latin Lords. S.L., however, denied being a member of the Latin Lords and denied having made such an admission to Loyd and Kistner.
We reverse the trial court's determination that S.L. is a member of a criminal street gang because the evidence, taken in the light most favorable to the State, does not demonstrate a pattern of criminal street gang activity.
Section 874.03(2), Florida Statutes (Supp. 1994), defines a criminal street gang member as one who engages in a pattern of criminal street gang activity and meets at least two of the following criteria:
(a) Admits to criminal street gang membership.
(b) Is a youth under the age of 21 years who is identified as a criminal street gang member by a parent or guardian.
(c) Is identified as a criminal street gang member by a documented reliable informant.
(d) Resides in or frequents a particular criminal street gang's area and adopts their style of dress, their use of hand signs, or their tattoos, and associates *1008 with known criminal street gang members.
(e) Is identified as a criminal street gang member by an informant of previously untested reliability and such identification is corroborated by independent information.
(f) Has been arrested more than once in the company of identified criminal street gang members for offenses which are consistent with usual criminal street gang activity.
(g) Is identified as a criminal street gang member by physical evidence such as photographs or other documentation.
(h) Has been stopped in the company of known criminal street gang members four or more times.
Subsection (3) defines a pattern of criminal street gang activity as the commission or attempted commission or solicitation of two or more felonies or violent misdemeanors on separate occasions within a three-year period.
Thus, in order to declare S.L. a member of a criminal street gang it must be demonstrated that the criminal street gang committed or attempted to commit two felonies or violent misdemeanors on separate occasions within a three-year period and that S.L. is a member of that criminal street gang. At the hearing to declare S.L. a criminal street gang member, the officers indicated that S.L. admitted to being a member of the Latin Lords. Additionally, when S.L. was arrested he had Latin Lord graffiti in his bookbag. The officers also testified S.L. was seen in the company of other admitted gang members. Based on this evidence, the trial court found that S.L. meets at least two of the enumerated criteria of section 874.03(2).
However, the trial court made no finding concerning a pattern of street gang activity. Moreover, the State did not demonstrate that the Latin Lords had committed or attempted to commit two or more felonies or violent misdemeanors. At most, the officers stated that S.L. had been questioned on a number of occasions concerning disturbances at school, including an incident involving threats made by a female gang member. Neither officer, however, stated that felony, misdemeanor, or delinquency charges had been brought against any gang members as a result of these disturbances or for any other reasons. There is simply no evidence to support a pattern of criminal street gang activity.
Where the language of a statute is clear and unambiguous, courts may not resort to rules of statutory construction; rather, the statute must be given its plain and ordinary meaning. See Green v. State, 604 So.2d 471 (Fla.1992); Steinbrecher v. Better Constr. Co., 587 So.2d 492 (Fla. 1st DCA 1991); Reed By and Through Lawrence v. Bowen, 503 So.2d 1265 (Fla. 2d DCA 1986). Based on the plain and ordinary language of the statute involved in this case, gang membership alone is not sufficient to declare a person a member of a criminal street gang. The State must also demonstrate a pattern of street gang activity. Since only gang membership was proven, the trial court erred in declaring S.L. a member of a criminal street gang.
We therefore reverse the trial court's finding and remand for resentencing without enhancement under section 874.04, Florida Statutes (Supp.1994).
DANAHY, A.C.J., and HOLLOWAY, CYNTHIA A., Associate Judge, concur.