# Sylvester *v.* Maag, Appellant.

*Negligence—Ferocious dogs—Contributory negligence.*

In an action for personal injuries from the bite of a dog, where there is evidence that plaintiff was actually bitten by the dog while lawfully on defendant's premises, and that the dog was a ferocious and dangerous animal, whose nature and character were known to defendant, it is proper to submit the case to the jury. It is not necessarily contributory negligence to go on premises where a sign of warning is displayed.

Those who indulge in the luxury, or enjoy the convenience, of keeping, within the city limits, dogs which they know are ferocious and dangerous, must see that they are so secured that persons lawfully going upon their premises or along the highways may not be bitten, or they must expect to suffer the consequences of their neglect: PER CURIAM.

Argued March 29, 1893. Appeal, No. 285, Jan. T., 1893, by defendant, Charles Maag, from judgment of C. P. No. 3, Phila. Co., on verdict for plaintiff, Charles Sylvester. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries by ferocious dogs.

At the trial, before FINLETTER, P. J., it appeared that plaintiff, a real estate broker, had charge of the land which defendant occupied as tenant at will. The property having been sold, plaintiff went to the farm in 1890 to notify defendant of the sale, and to secure the signs "for sale" which had been placed upon the fences. Defendant owned two dogs, a setter and a spitz, and had placed on a post in the lane leading to the house a sign, "Beware of the dogs." Plaintiff went to the front of the house, and knocked at the front door. Receiving no reply, he was about to leave, when he heard people talking towards the back of the house. He stepped from the porch into the roadway leading along the side of the house to the barn, and after going a short distance was attacked by the dogs, and severely bitten. There was evidence that the dogs had previously attacked people without provocation, and that defendant had knowledge of these facts.

Defendant's request for binding instructions was refused.

Verdict and judgment for plaintiff for $150. Defendant appealed.

*Error assigned* was instruction, quoting it.

*Edward A. Anderson,* for appellant, cited: Burns v. City, 137 Pa. 361; Robb v. Borough, 137 Pa. 42; Crescent Twp. v. Anderson, 114 Pa. 643; Dean v. R. R., 129 Pa. 514; Johnson v. Wilcox, 135 Pa. 217; Eberhart v. Reister, 96 Ind. 478; Williams v. Moray, 74 Ind. 25; Scott v. Grover, 56 Vt. 499; Carpenter v. Latta, 29 Kans. 591.

*Bradbury Bedell,* for appellee, cited: Congress & Empire Spring Co. v. Edgar, 99 U. S. 645; May v. Burdett, 9 Q. B., N. S. 101; Laverone v. Mangianti, 41 Cal. 138.

PER CURIAM, April 17, 1893:

The only assignment of error in this case is the refusal of the court to charge that, "under all the evidence the verdict of the jury must be for the defendant."

It is unnecessary to refer to the testimony further than to say that, among other things, it clearly tended to prove: (1) That plaintiff was lawfully on defendant's premises when

he was bitten by the dog; and (2) that the dog, by which he was thus bitten, was a ferocious and dangerous animal, and the defendant then knew that such was its nature and character.

In submitting the case to the jury, the learned president of the court below, in a very fair and impartial charge, instructed them, inter alia, that, in order to recover, the plaintiff must prove, substantially, the above stated facts. Their verdict, in favor of the plaintiff, therefore, conclusively established both of said facts. The testimony not only warranted but required the submission of the case to the jury. It would have been plain error to have withdrawn it from their consideration by affirming defendant's point.

In view of the evidence, as to the nature and extent of plaintiff's injury, the damages awarded by the jury were quite moderate. Those who indulge in the luxury, or enjoy the convenience, of keeping, within the city limits, dogs which they know are ferocious and dangerous, must see that they are so secured that persons lawfully going upon their premises or along the highways may not be bitten, or they must expect to suffer the consequences of their neglect to do so.

Judgment affirmed.