56 So.2d 127 (1951)
ROMFH
v.
BERMAN.
Supreme Court of Florida, en Banc.
December 18, 1951.
Rehearing Denied January 23, 1952.
George J. Baya, Miami, for appellant.
Englander & Hoffman, Miami Beach, for appellee.
TERRELL, Justice.
S. Barr Berman, appellee, recovered a judgment for personal injuries against Marie DeC Romfh, as guardian of E.C. Romfh, appellant. The amended complaint alleges that while the plaintiff was lawfully upon the premises of the defendant he was viciously attacked and bitten by two bull dogs owned by defendant and that he did not provoke or aggravate said dogs. In her answer to the amended complaint, the defendant among others proferred the following defense: "* * * that at the time and place alleged in the amended complaint, this defendant had displayed in a prominent place on the premises an easily readable sign bearing the words "Beware of Dogs," and so it is that this defendant says that the plaintiff cannot recover."
The quoted defense was stricken on motion of the plaintiff and the case went to trial. At the conclusion of the plaintiff's evidence, motion of defendant to reinstate the quoted defense was denied. At the conclusion of all the testimony the court granted motion of the plaintiff for a directed verdict and the jury assessed damages for the plaintiff in the sum of $3,500. Motion for new trial was denied and final judgment was entered for the plaintiff. The defendant appealed.
The point for determination is whether or not a dog owner is relieved of damages for injury by his dog to one lawfully on his *128 premises if he has displayed in a prominent place thereon a readable sign bearing the words "Beware of Dogs" the statute, Section 767.04, F.S.A., requiring that he have displayed on his premises a sign bearing the words "Bad Dog."
It is agreed that under the early common law scienter was the gist of a claim for injuries to one caused by a vicious dog. If the owner was without knowledge of the dog's vicious propensity he could not be held liable for injury done by his dog. Mason v. Keeling, 1 Ld. Raym, 606, 91 Eng. Rep. 1307 (1700); I Smith v. Pelah, 2 Strange 1264, 93 Eng.Rep. 1171 (1747). Such was the law in Florida until the passage of Chapter 3294, Acts of 1881, revised by Chapter 4979, Acts of 1901, and subsequent acts, now Section 767.01, F.S.A. which provides that "owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons." In Ferguson v. Gangwer, 140 Fla. 704, 192 So. 196, this Court held that the above statute abolished the element of scienter and made the dog owner liable for damages incident to the bite of his dog. See also Reid v. Nelson, 5 Cir., 154 F.2d 724.
In 1949 the legislature enacted Chapter 25109, Laws of Florida, now Section 767.04, F.S.A., as follows:

"767.04. Liability of owners

"The owners of any dog which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness. A person is lawfully upon private property of such owner within the meaning of this act when he is on such property in the performance of any duty imposed upon him by the laws of this state or by the laws or postal regulations of the United States of America, or when he is on such property upon invitation, expressed or implied, of the owner thereof; Provided, however, no owner of any dog shall be liable for any damages to any person or his property when such person shall mischievously or carelessly provoke or aggravate the dog inflicting such damage; nor shall any such owner be so liable if at the time of any such injury he had displayed in a prominent place on his premises a sign easily readable including the words `Bad Dog.'"
The title to Chapter 25109 is "An Act to Provide for the Recovery of Damages by Persons Bitten by Dogs and Creating a Liability of the Owners of Such Dogs." When this title is read with the body of the Act as quoted above, we do not think the conclusion can be escaped that as to injury to persons by dogs Chapter 25109 repealed and superseded Section 767.01, F.S.A., and is now the governing law.
In fine, Chapter 25109, Section 767.04, abolished the element of scienter and makes the dog owner liable to any person bitten by his dog if he is (1) on a public place or (2) lawfully on a private place, including the property of the dog owner. Under the terms of the act, a person is lawfully on the property of the dog owner when he is there in the performance of any duty imposed on him by the laws of the state or by the laws or postal regulations of the United States, or when he is on such property by invitation of the owner. The proviso at the conclusion of the act in terms relieves the owner from liability for the bite of his dog if the person claiming damages "mischievously or carelessly provoke or aggravate the dog" or if at the time of the injury the owner "had displayed in a prominent place on his premises a sign easily readable including the words `Bad Dog.'"
It is admitted that at the time plaintiff was injured he was lawfully on the premises of defendant. It is also admitted that defendant's estate is securely enclosed, that a few feet inside the gate to the enclosure, defendant had displayed an easily readable sign in a prominent place bearing the words: "Beware of Dogs.", that before entering the premises plaintiff saw and understood the sign, that plaintiff did nothing to provoke defendant's dogs but while he was on the premises they attacked and bit him and he was forced to take refuge in a tree near by.
*129 Since Section 767.04 is the applicable law and it is admitted that the plaintiff was lawfully on defendant's premises, and that he did not provoke the dogs, it would seem that the question here reduces itself to that of whether or not the sign with the words "Beware of Dogs", met the requirement of the statute that the sign bear the words, "Bad Dog". The sole purpose of the legend was to put one entering the premises on notice that there were dangerous dogs on the place and it would seem that the legend "Beware of the Dogs" would serve that purpose as well or better than the legend, "Bad Dog."
The appellee contends that under the common law the posting of warning signs was no defense for the dog owner, that Chapter 25109 is in derogation of the common law and should be strictly construed. The answer to this contention is that the statute in terms relieves the owner when the posted sign bears the legend "Beware of the Dogs", so there is no reason for construction. We have read Tidal Oil Co. v. Forcum 189 Okla. 268, 116 P.2d 572; Burke v. Fischer, 298 Ky. 157, 182 S.W.2d 638; Sylvester v. Maag, 155 Pa. 225, 26 A. 392, and other citations by appellee, but they do not rule this case. There is no question here about the locality of the sign or the ability of the plaintiff to read it. It appears that the legislature proceeded on the theory that if one disregards the sign and enters the premises he is guilty of contributory negligence and assumes the risk.
The judgment appealed from is reversed with directions to dismiss the cause.
SEBRING, C.J., and CHAPMAN, HOBSON and MATHEWS, JJ., concur.
ROBERTS, J., dissents.
DICKINSON, Associate Justice, concurs specially.
DICKINSON, Associate Justice (specially concurring).
It is with great reluctance that I am constrained to concur in the opinion in this case as prepared by Mr. Justice Terrell. From a strictly legal standpoint it is sound, but the act as passed by the legislature is, in my opinion, bad law. Absent any question being raised as to the constitutionality of any act of the Legislature  and for some strangely unaccountable reason the constitutionality of this act was not attacked here nor in the lower Court  the Courts can only interpret or enforce the law. They cannot make it. I am also doubtful whether this Court should, sua sponte, raise any question of the constitutionality of the act in question. Therefore I concur specially in the opinion.