DREW, Justice
(dissenting).
Mr. and Mrs. Knight and Mr. and Mrs. Burghduff occupied adjacent cottages enclosed by a common fence. The Knights owned a vicious dog which guarded the property. The Burghduffs and the Knights knew- the dog was vicious and. had on previous occasions bitten several people. There was no sign on the property. containing the words “bad dog” (F.S. §, 767.04, F.S.A.) or “Beware of Dogs”, Romfh v. Berman, Fla., 56 So.2d 127, 129, or similar words.
Mrs. Burghduff was bitten by the dog-when she entered the cabin of the Knights at the request of Mrs. Knight to turn off. a gas stove and for such injury a jury awarded a judgment against Mr. Knight., This appeal questions the validity of such judgment'.
A decision in this case turns upon an interpretation of F.S.- Chapter 767, F.S.A., and the construction of the statute resolves itself simply into the proposition of whether or not actual knowledge of the vicious: character when a person enters upon the premises is sufficient to relieve the owner of the dog of liability even though -the’ sign mentioned in the statute is not erected.
We have said on many occasions that it is the intent of the Legislature that constitutes the law. The purpose of the statute was to relieve the owner of a vicious dog of liability in those instances where the vicious character of the dog had been brought to the attention of the injured party. The statute says that the erection of a sign should be sufficient for such purposes. Surely, if this is true, actual knowledge on the part of such person as is the case here would serve the same purpose even to a greater extent than the erection of a sign.
Moreover, in Romfh v. Berman, supra, we specifically held that “The sole purpose of the legend was to put one entering the premises on notice that there were dangerous dogs on the place * * We then said that a sign “Beware of the Dogs” served the purpose as well as the legend “Bad Dog.”
The lower court in disposing of this case held in striking certain defenses “This *618 suit is based on 767.04, Florida Statute, F.S.A. This section is to be read in connection with 767.01 as both of these Statutes are in effect.” In so holding the court ruled directly contrary to what this Court held in Romfh v. Berman, supra, because there we said that 767.04 superseded and repealed 767.01 and that said 767.04 “is now the governing law.”
It is not for this Court to determine the wisdom or lack of wisdom of this statute. It is within the legislative power to enact it and if it is unambiguous and not violative of constitutional safeguards, it is our duty to uphold it. We are not authorized, out of the respect which each branch of government should have for the other and regardless of our personal views on the statute, to rewrite it. For these reasons, I think the lower court was in error in holding “If people have a penchant for keeping dangerous animals, it would seem to be in the public interest that they should be responsible for them.” I think the judgment appealed from should be reversed and the cause remanded for further proceedings.