## BALL v. KNAPP.
No. 64-L-150.

Circuit Court, Dade County.

March 3, 1964.

Nichols, Gaither, Beckham, Colson & Spence, Miami, for plaintiff.

Idus Q. Wicker, for defendant.

HAL P. DEKLE, Circuit Judge.

Defense counsel, with his usual good wit, humorously but rather accurately refers to this case as a "dog collision" case in

which his client's dog is alleged to have "suddenly and unexpectedly run into the person of the plaintiff, causing her to fall to the ground, causing severe and serious injuries and damages" and expressly alleging that the action is brought under section 767.01, Florida Statutes, which provides — "Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to *persons*." (Italics added.)

This section 767.01 was expressly held in Romfh v. Berman (Fla. S. C. 1951), 56 So. 2d 127, 128, to be "repealed and superseded" by section 767.04 holding liable the owners of any dog "which shall *bite* any person", etc., and providing exceptions where a sign reading "Bad Dog" is posted or where such person shall provoke or aggravate the dog.

Seemingly inconsistent with such holding in Romfh is the per curiam decision in the later case of Knight v. Burghduff (Fla. S. C. 1958), 102 So. 2d 617, affirming without opinion a plaintiff's verdict where, the dissent reveals, the lower court had ruled that sections 767.01 and 767.04 were to be read together "as both these statutes are in effect". Justice Drew in his dissent stated that this was "directly contrary to what this court held in Romfh v. Berman, supra, because there we said that 767.04 superseded and repealed 767.01 and that said 767.04 'is now the governing law'." — as to dog *bite* cases, it might fairly be added (assuming that the Knight per curiam court chose to affirm on other grounds, such as failure to have a "Bad Dog" sign even under 767.04, as the dissent reveals was the case).

In any event, Knight was also a dog *bite* case.

We are therefore left without any decision regarding a "dog *collision*" such as the one at bar. Apparently the courts were concerned only with dog *bite* cases in dealing with the statutes in question so that section 767.01 holding dog owners liable without restriction for "any damage done by their dogs" could apply to damage "by *collision*".

Because the Romfh holding that section 767.01 was superseded by 767.04 dealt exclusively with the dog *bite* question, this may still be recognized as the governing law so far as dog bite cases are concerned, and section 767.01 may still remain intact as to any other alleged damage by dogs. I so hold.

Defendant's motion to strike paragraphs 1, 2(b) and 2(c) of the complaint as irrelevant and impertinent is denied and defendant shall file answer within ten days.