173 So.2d 444 (1965)
Nelan SWEET, Petitioner,
v.
Florence JOSEPHSON, Respondent.
No. 33738.
Supreme Court of Florida.
March 31, 1965.
*445 Fred C. Davant and Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for petitioner.
Harvey P. Albert and Kenneth L. Ryskamp, Miami, for respondent.
THOMAS, Justice.
The respondent was attacked by the petitioner's dog and knocked to the pavement of a public way receiving injury though she was not bitten by the animal. The trial judge entered a summary judgment in favor of the defendant, petitioner, as he entertained the view that since Sec. 767.01, F.S.A., had been repealed by Sec. 767.04, F.S.A., the plaintiff was relegated to the Common Law and under it there could be no recovery unless the owner was aware of the vicious nature of the dog. He reasoned that as there had been no proof of scienter on the part of the owner, defendant, there was no issue to be tried, so he summarily disposed of the controversy.
It was the judge's conviction that the latter statute was held in Romfh v. Berman, Fla., 56 So.2d 127, to have superseded the former one.
Before proceeding with the thought, it is well to take a look at the two statutes. The earlier one, Sec. 767.01, enacted in 1901, simply provided that "owners of dogs shall be liable for any damage done by their dogs to * * * animals * * * or to persons." The later statute, Sec. 767.04, passed in 1949, is much more elaborate but is restricted to the "owners of any dog which shall bite any person" and specifies that the owners of such dogs shall be liable for damages to persons "bitten".
The Act contains many provisions with references to the premises where such injuries might be inflicted and the circumstances under which a dog-bite might occur but the gist of the section is the actual wounding by biting and the significant language is present that the liability attaches "regardless of the former viciousness of such dog or the owners' knowledge of such viciousness." The owner may escape liability if he has placed on "his premises" *446 a plainly legible sign reading "`Bad Dog'".
In sum, the first statute fixes liability on the owner for any damage at all caused by his dog; the second statute puts upon him responsibility only for injury caused by the bite of his dog. That injury could eventuate from the embrace of a Saint Bernard on a stairway or a feist underfoot, though both encounters were friendly, is not difficult to conceive. Yet if the theory of the repeal of the first statute by the second were adopted, such occurrences would exonerate the owner of the dog and make the doctor's bill the burden of the innocent victim.
Now to the decision on Romfh v. Berman, supra, which the trial judge understood to have adjudicated the repeal. In that case the court was concerned with damages suffered from the vicious attack of a dog and it was written in the opinion that the "point for determination" was whether or not a dog owner was relieved of responsibility for injury by his dog to one lawfully on the owner's premises where the owner had displayed a notice to "Beware of Dogs."
When the present controversy reached the District Court of Appeal it was decided, for reasons appearing to us sound, that the Supreme Court indulged in obiter dictum when it wrote in Romfh v. Berman, supra, with reference to the effect of the later statute upon the earlier one, that when the title of Sec. 767.04 was read with the body of the Act the court did "not think the conclusion [could] * * * be escaped that as to injury to persons by dogs Chapter 25109 [Sec. 767.04] repealed and superseded Section 767.01, F.S.A., and is now the governing law."
We, too, think the expression was obiter dictum inasmuch as the court was dealing with a case in which damage had resulted from the bite of a vicious dog and an element of the case was the owner's knowledge or ignorance of the dog's propensities. There was no occasion for the court to pass upon the effect of one statute upon the other. There is a field of operation for each.
In State v. Sarasota County, Fla., 74 So.2d 542, we commented that "it goes without saying that repeals by implication are not favored" and further quoting from Tamiami Trial Tours, Inc., v City of Tampa, 159 Fla. 287, 31 So.2d 468, which in turn bore a quotation from Beasley v. Coleman, 136 Fla. 393, 180 So. 625, that "`in order for [a] court to declare that one statute impliedly repeals another, it must appear that there is positive repugnancy between the two, or that the last was clearly intended to prescribe the only governing rule, or that it revises the subject matter of the former.'"
We do not discover any of these features in Sec. 767.04 which would justify our holding that Sec. 767.01 was meant to be repealed, and we recede from the obiter dictum in Romfh v. Berman, supra.
We state frankly that it was the language now thought to be obiter dictum, lifted from context in Romfh v. Berman, supra, that demonstrated a conflict with the ruling in the present case and led us to the view that we should assume jurisdiction. But this court decided long since that obiter dictum could create the conflict and resultant uncertainty that the provisions of Sec. 4(b) of Article V of the Constitution, F.S.A. were designed to obviate. Sunad, Inc. v. City of Sarasota, Fla., 122 So.2d 611.
The assumption of jurisdiction, because of the presence of the inconsistency in the two opinions, furnished this court an entree to the whole case and now having made the excursion, we announce that we agree with the decision of the District Court of Appeal and, therefore, discharge the writ of certiorari.
DREW, C.J., and ROBERTS, CALDWELL and ERVIN, JJ., concur.