### COMBS v. ROSENDAHL.
No. 66-8-984.

Small Claims Court, St. Lucie County.

September 15, 1966.

WILLIAM G. TYE, Judge.

This cause coming on regularly to be heard before the court without the intervention of a jury on a statement of claim heretofore filed herein. From the testimony presented, it appears that the plaintiff was the builder and owner of a new house on Linwood Terrace in Fort Pierce. It further appears that five creatures of canine descent were the cause of damage to a newly planted lawn surrounding the plaintiff's house by scratching, playing, digging and depositing fragrant substances thereon. Pictures were produced at the trial showing the damage and also the dogs involved. The defendant was the admitted owner of one of the dogs. The plaintiff testified that these dogs were responsible for the damage done to his yard but could not testify that specific damage was done by a specific dog. After the damage was done to the yard by the dogs digging, scratching and playing in the yard, the entire yard was replanted. The statement of claim herein reflects the cost of replanting the entire yard plus the plaintiff's services for watering the previous yard. A basic question is thus presented — *"Is the owner of a domestic animal responsible for damage done by the animal to real property?"*

In English common law the owners of animals were bound at their peril to keep them on their own premises, and if they did not do so, and the animal went upon the premises of others, the owners could be held liable for the trespass. Under the English common law rule landowners were not obliged to fence their lands against the animals of another person, but had the right to rely on such person keeping his animals confined.

This rule has been modified by statutes of Florida, whose legislative policy recognizes the importance of the stockgrazing industry, and the right of livestock owners to graze their animals on unenclosed lands. The common law, insofar as it requires the owners of animals to keep them off the premises of others and renders the owner liable to the owners of such premises for damage done by such animals, is not in force in Florida. There are however, special statutes enacted by the state of Florida relating to the owner's responsibility for damage done by dogs. Florida Statute 767.01 states that owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock or to persons. This statute specifically confines itself to damages done by dogs to sheep, domestic animals, livestock, or persons. None of the cases decided by the courts of the state of Florida construe this statute to mean that the real estate owner may recover for damages done to his land.

Florida Statute 767.04 concerns itself with the responsibility of an owner of a dog which shall bite any person. In the case before us the dog did not bite anyone and this statute therefore is inapplicable.

In Josephson v. Sweet, 173 So.2d 463, the Third District Court of Appeal ruled that a dog's owner is responsible for his dog's actions regardless of any knowledge of the dog's vicious propensities — but this case arose from injury *to a person* sustained by a dog's actions. In Ball v. Knapp, 22 Fla. Supp. 194, affirmed by the Third District Court of Appeal, 175 So.2d 808, the circuit court of Dade County decided that under Florida Statute 767.01 dog owners are liable for any damage done by the dog . . . *to persons* . . . including damage done by collision. This case, too, pertains only to damage to one's person, not to one's land.

In our present society there remain certain fundamental rights. Included in these rights in the state of Florida, there is the concept of the open range. The rights of unmolested property ownership is also fundamental. Society dictates that one shall prevail. To reside in our modern society, certain hardships must be endured. The law as it now stands, if unjust to the property owner, is favorable to the owner of animals. There are times when the law as drawn by our omniscient legislators must choose between two basic rights. In this instance the landowner must endure, rejoicing in the realization that a choice was made.

It is considered, ordered, and adjudged that the plaintiff take nothing by this suit.