PER CURIAM.
The lower tribunal granted summary final judgment in favor of appellees, on the ground that appellee Malino’s decedent was immune from liability by virtue of Section 767.04, Florida Statutes. We reverse and remand for further proceedings.
Plaintiff Jennifer Flick was three years old when, while on Joseph Malino’s property, she allegedly was bitten by Mr. Malino’s dog. Mr. Malino had a “WARNING BAD DOG” sign posted on his property. The Flicks filed two suits, one of which named Pat Malino individually as defendant. See Flick v. Malino, 356 So.2d 904 (Fla. 1st DCA 1978). The instant case involves Mrs. Mali-no as personal representative of her husband’s estate.
She argued successfully before the lower tribunal that Section 767.04, which imposes a strict liability upon dog owners, also protects from liability a dog owner who displays “in a prominent place on his premises a sign easily readable including the words, ‘BAD DOG’.” The trial judge erred in granting summary judgment for Mrs. Malino because it cannot be said as a matter of law that a sign, even though posted in a prominent place, is “easily readable” as to a three-year-old child.
The Florida Supreme Court has suggested that a “BAD DOG” sign must give actual notice to the plaintiff before the defendant may avoid liability:
[Bjefore a dog owner will be relieved of liability the attempt to give notice that a bad dog is on the premises must be genuine, effective and bona fide. In every case, the factual determination must be made whether the ‘Bad Dog’ sign as posted is in a prominent place and easily readable, so as to give actual notice of the risk of bite to the victim. Carroll v. Moxley, 241 So.2d 681, 683 (Fla.1970) (emphasis supplied)
The Court also noted in Carroll, at 683, that “[n]ot every sign, even if seen, is sufficient to put a potential victim on notice of the risk he assumes by being on the premises.” And in Romfh v. Berman, 56 So.2d 127, 129 (Fla.1951), the Court reversed a jury verdict for the plaintiff because there was no question as to the plaintiff’s ability to read a warning sign placed by defendant. We hold that “easily readable” means the plaintiff must have had ability and opportunity to read the warning sign, and in this case there was no dispute as to the fact that Jennifer Flick was incapable of reading the warning sign.
We note in passing that Section 767.04 requires a plaintiff to have been on a dog owner’s premises lawfully in order for strict liability to apply, but the pleadings in this case raise a factual dispute as to whether Jennifer Flick and her mother had been invited onto the Malino property prior to the dog bite.
MILLS, ROBERT P. SMITH, Jr., and SHIVERS, JJ., concur.*