FERGUSON, Judge.
Mariana Freire, the mother of a seven-year-old child who was bitten by a dog, appeals from a verdict in favor of the defendant dog owners. We reverse.
Mariana and her daughter, Olga Maria, were visiting the Leons, the owners of a small Pekingese dog. At the time of the incident, Olga and her mother were alone with the dog in the kitchen. The Leons were away. According to the child’s testimony at trial, she was bitten on the face by the dog as she tried to get down from a stool where she had been sitting while talking on the phone. The jury also heard Olga’s deposition testimony that she was bitten by the dog when she leaned down from the stool where she had been talking on the phone. She testified that she never tried to touch the dog.
Mrs. Freire testified that she was looking for airline tickets and had her back turned when her daughter was bitten. She heard a cry, spun around, and saw Olga Maria’s bloody face. The child sustained permanent scarring which may require reconstructive surgery.
Mrs. Freire filed a complaint premised on Florida’s dog-bite statute, section 767.04, Florida Statutes (1989), which, recognizing only two statutory defenses, makes the dog owner an insurer against damages caused by his dog’s bite. See, e.g., Carroll v. Moxley, 241 So.2d 681 (Fla.1970). The two defenses are that the owner is not liable when the person bitten has mischievously or carelessly provoked or aggravated the dog, or where the owner prominently displays a “Bad Dog” sign.[1]
Defense counsel argued at trial that Olga Maria was not entitled to the protection of the statute because she had mischievously provoked the dog. The argument was contrary to the testimony of the only two eyewitnesses, Olga and Mrs. Freire, which neither established nor implied provocation. It was the defendant’s argument to the jury that the child wanted the dog to make a sound into the phone so the person on the other end could hear it, and that the dog, which was “minding its own business”, felt provoked and bit her. After a review of witnesses’ undisputed testimony, we conclude that there is no evidence in the record from which a provocation by the child could be reasonably inferred.
Provocation is an affirmative defense that must be proved by the defendant. Hall v. Ricardo, 297 So.2d 849, 850 (Fla. 3d DCA 1974), overruled on other grounds, Donner v. Arkwright-Boston Mfrs. Mut. Ins. Co., 358 So.2d 21 (Fla. 1978). Thus, where the only defense *100 against a dog-bite claim is that the dog was aggravated by a bitten minor, but none of the evidence supports the provocation defense, the minor plaintiff is entitled to a directed verdict on the issue. Minisall v. Krysiak, 242 So.2d 756 (Fla. 4th DCA 1970). Because the undisputed testimony of the witnesses presented absolutely no support for the affirmative defense, as in Minisall, the plaintiff was entitled to a directed verdict on the provocation issue.
Reversed and remanded for further consistent proceedings.
GERSTEN, J., concurs.

. In this case there was a "Bad Dog" sign posted on the property. The jury found, however, that the dog owners were estopped from relying on the statutory defense because, by their conduct, they disavowed the tenor of the “Bad Dog” sign.