FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-1481
_____

DEBORAH DAVISON,

　　Appellant,

　　v.

REBECCA BERG,

　　Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Steven M. Fahlgren, Judge.

March 22, 2018

PER CURIAM.

Deborah Davison, an avid animal enthusiast, volunteered at her local Humane Society to help take care of a dog park. Three years later, Rebecca Berg's canine companion was chasing other dogs at the park when it collided with Davison, resulting in Davison suffering a broken leg and requiring extensive medical care. Davison filed an action against Berg under section 767.01, Florida Statutes (2014), which imposes liability on dog owners for damage their dogs cause to other persons or animals. The trial court granted final summary judgment in favor of Berg on two equally dispositive bases: 1) the signs outside the dog park sufficiently warned Davison of the risks inside, and 2) Davison actually consented to, or assumed the risk of, potential injuries. We agree with Davison that the trial court erred in granting summary judgment, and reverse.

"Section 767.01 is a strict liability statute which has consistently been construed to virtually make an owner the insurer of the dog's conduct." *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1156 (Fla. 1985) (citing *Donner v. Arkwright-Boston Mfrs. Mut. Ins. Co.*, 358 So. 2d 21, 23 (Fla. 1978) ("[T]he Florida Legislature enacted statutes designed to obviate the element of scienter, and make the dog owner the insurer against damage done by his dog." (footnote omitted))).

The only total defense to liability available in a section 767.01 action is for a dog owner to have "displayed in a prominent place on his or her premises a sign easily readable including the words 'Bad Dog.'" § 767.04, Fla. Stat.[1] Berg presented evidence regarding two signs prominently displayed at the dog park entrance, titled "Dog Park Rules." The two signs respectively listed ten and eleven rules for entrance to the dog park. The rules noted that park use is at "the dog owner's risk." Dogs "exhibiting aggressive behavior" were not permitted in the park, and "rough play and chasing" were not allowed if any dogs or owners were uncomfortable with the behavior. One sign added an eleventh rule stating that visitors enter the dog park at their own risk. Davison had seen and understood these signs prior to the incident at issue.

The trial court found that Davison was aware of the two signs, which adequately advised her that she entered the dog park at her own risk. However, the purpose of the statutory sign requirement is to give "genuine, effective and bona fide" notice "that a bad dog is on the premises." *Carroll v. Moxley*, 241 So. 2d 681, 683 (Fla. 1970); *see also Romfh v. Berman*, 56 So. 2d 127, 129 (Fla. 1951)*, overruled in part by Sweet v. Josephson*, 173 So. 2d 444 (Fla. 1965) ("The sole purpose of the legend was to put one

---

[1] The defenses found in section 767.04, which concerns dog bites, are equally applicable to "damage" from dogs as set out in section 767.01. *See Kilpatrick v. Sklar*, 548 So. 2d 215, 218 (Fla. 1989).

entering the premises on notice that there were dangerous dogs on the place."). "Not every sign, even if seen, is sufficient to put a potential victim on notice of the risk he assumes by being present on the premises." *Carroll*, 241 So. 2d at 683. The signs, which also contain rules regarding digging holes and disposing of dog waste, are not designed to warn visitors not to enter the dog park due to the presence of dangerous dogs. *Cf. Romfh*, 56 So. 2d at 129 (holding that "Beware of Dogs" sign is equivalent to "Bad Dog" sign and precludes liability). We conclude that the trial court erred in finding that the Dog Park Rules signs were sufficiently equivalent to "Bad Dog" signs to preclude liability under section 767.01.

## II.

The trial court also found actual consent or assumption of risk on Davison's part, noting that it was "about as strong as we could ever have."

In *Kilpatrick v. Sklar*, 548 So. 2d 215, 216 (Fla. 1989), a police officer climbed over a home's backyard fence while investigating a possible burglary, was startled by the homeowners' four dogs as he crept through the backyard, and "impaled himself in the calf" while attempting to jump back over the fence in retreat. The Florida Supreme Court held that the Fireman's Rule—which precludes policemen and firemen from recovering from a property owner for injuries arising from their professional duties—was inapplicable, noting that "there are no common law defenses to the statutory cause of action based on sections 767.01 and 767.04, Florida Statutes (1981)." *Id.* at 218. This rule has been applied consistently by the courts, without regard for lack of negligence or other reasonable common law arguments. *See Huie v. Wipperfurth*, 632 So. 2d 1109, 1112 (Fla. 5th DCA 1994), *approved*, 654 So. 2d 116 (Fla. 1995); *Freire v. Leon*, 584 So. 2d 98, 99 (Fla. 3d DCA 1991).[2]

---

[2] We note that all cases cited construed section 767.04 before its 1993 amendment, which replaced the defense of provocation with comparative negligence, and permitted plaintiffs to seek other remedies outside chapter 767. *See* Ch. 93-13, § 1, at 117, Laws of Fla.; *Huie v. Wipperfurth*, 632 So. 2d 1109, 1112 n.3 (Fla.

The summary judgment evidence demonstrated that Davison was aware that she could be injured in the course of her volunteer work. She signed a volunteer application form acknowledging that she could be exposed to bites, scratches, and other injuries. One year prior to her injury, she watched a dog collide with another individual, which also caused a broken leg. Following that incident, she spoke multiple times with others at the Humane Society about the dangers of being inside the dog park with dogs running around and chasing each other, but continued to volunteer. Finally, moments before her own collision, she noticed dogs chasing each other and stated, "This looks like leg breaking territory. I better get out of here."

While there may be evidence to support the trial court's conclusion that Davison consented to the risk of injury, an actual consent or assumption of the risk defense cannot bar liability. Rather, the Legislature requires these facts to be presented to the jury for a determination of comparative negligence, in accordance with section 767.04.

For these reasons, we reverse the trial court's entry of final summary judgment in favor of Berg.

REVERSED.

RAY, BILBREY, and WINOKUR, JJ., concur.

---

5th DCA 1994), *approved*, 654 So. 2d 116 (Fla. 1995). Similarly, section 767.01 was amended in 1994 to clarify which "domestic animals" and "livestock" dog owners could be held liable for. *See* Ch. 94-339, § 1, at 2433, Laws of Fla. These amendments do not reflect any changes in the strict liability nature of section 767.01 or the defenses available under section 767.04, aside from permitting a broader range of a plaintiff's conduct to be presented to juries as comparative negligence.

———————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————————

Jeffrey J. Humphries of Morgan & Morgan, Jacksonville, for Appellant.

William H. Davis of Dobson, Davis & Smith, Tallahassee, for Appellee.